**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARA ASTRID JAIMES-MARTINEZ,

Petitioner,

v. Case No. 3:26-cv-138-WWB-LLL

WARDEN, BAKER COUNTY DETENTION CENTER, et al.,

Respondents.

---

# ORDER

Through counsel, Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner has also filed three motions for injunctive relief. (Doc. Nos. 18, 19, 22). Petitioner seemingly alleges, *inter alia*, that her mandatory detention violates the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1 at 2). As relief, she seeks immediate release, (*id.* at 27), or a bond hearing, (Doc. 18 at 5).[1] Federal Respondents oppose the relief sought. (*See* Doc. 15; Doc. Nos. 15-1 to 15-2). According to Federal Respondents, Petitioner failed to exhaust her administrative remedies prior to filing this case, because she has not demonstrated that she appealed any bond order to the Board of Immigration Appeals ("**BIA**"). (*Id.* at 4).

---

[1] The primary relief Petitioner seeks in her Petition is immediate release. (Doc. 1 at 27). After the Eleventh Circuit issued *Hernandez Alvarez*, Petitioner filed her motions for injunctive relief requesting a bond hearing in light of this binding authority. Thus, in furtherance of judicial efficiency and considering the precedent that has evolved since the filing of this case, the Court construes the Petition as also requesting an individualized bond hearing under 28 U.S.C. § 1226(a).

The primary dispute between Petitioner and the Federal Respondents is one of statutory construction. After Petitioner filed her Petition and the Federal Respondents filed their Response, the Eleventh Circuit Court of Appeals issued a decision that resolves this issue in Petitioner's favor. *See Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026) (holding that "[t]he text of § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Although the Federal Respondents oppose the Petition on the merits, they do not dispute that Petitioner is being detained under 28 U.S.C. § 1226(a). (*See* Doc. 15 at 3). And insofar as the Federal Respondents argue that Petitioner failed to exhaust her administrative remedies prior to filing this case, the Court rejects that argument.[2]

To that end, although Petitioner is not entitled to immediate release, *see Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla.

[2] Federal Respondents argue that Petitioner's failure to provide proof that she appealed to the BIA an October 10, 2025 immigration judge's order "withdrawing" her bond request shows Petitioner failed to exhaust her administrative remedies. (Doc. 15 at 4). But any timely appeal with the BIA would have been futile, because, during that period, the BIA had conclusively determined that immigration judges had no authority to consider bond requests from aliens like Petitioner. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220–28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Petitioner to pursue further administrative remedies before the Petition was filed would have been futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); *see, e.g.*, *Fonseca v. Ripa*, No. 3:26-cv-309, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure* Hurtado, any prudential exhaustion requirements are excused for futility.").

July 8, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release."); this Court is bound by the Eleventh Circuit's decision, which mandates that aliens, like Petitioner, are entitled to a bond hearing in accordance with § 1226(a).[3] *See Hernandez Alvarez*, 175 F.4th at 1276.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[4] Within **seven days** of the date of this Order, Respondents shall

---

[3] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.*, No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[4] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be

either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The Warden's Motion for Extension of Time to File Answer (Doc. 14) is **DENIED as moot**.

3. Petitioner's Motions for Injunctive Relief (Doc. Nos. 18, 19, 22) are **DENIED as moot**.

4. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 15, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: counsels of record

cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).